McFarland, J.,
delivered the opinion of the court;
The prisoner was convicted of the crime of horse-stealing, and has appealed from the judgment.
The first error assigned is that the court sustained a demurrer to his plea in abatement. This plea avers that four of t-he grand jury who found the indictment, and whose names are given, were not at the time legally qualified to act as such in this, that they were not before the finding of said indictment charged by the court touching their duties.
An indictment found by a grand jury, when part of the jurors are not legally qualified to' act as such, may he abated upon the plea of the defendant. And it is also true that the statute requires that the jury, after being empaneled and sworn, shall he charged. Code, 5076.
*502 But we are not disposed to bold that a defendant may make the question by plea in abatement, or otherwise, as to whether this duty of charging the grand jury has or not been complied with. There are various matters especially required to be given in charge to' the grand jury. If we should go into the question as to whether the grand jury had been charged, it would involve the inquiry as to what constitutes a charge. Whether all tha jury had been charged as to all the special offenses required, although the crime charged against the defendant might not be one of these. The object of the charge is to inform the jurors as to their duties. This instruction may be given at any time by the judge or attorney-general, and w© will presume that this instruction was properly given. This is different from cases where it appears that the jurors were legally disqualified to act by reason of some fact not.known to the court, as where the juror was not twenty-one years old, or not a resident of the county. We hold with the judge below that the plea was bad.
Upon the trial the defendant examined one Olaywell as a witness in his behalf, and his testimony, if true, was important. Upon cross-examination, the attorney-general asked the witness if he had not been charged with murder, which was objected to, and the objection sustained, but the court said the attorney-general might show the fact by the record. The witness was also asked upon what charge he was put in jail. This was objected to, and the objection sustained, but the court said the attorney-general might show by the record, and thereupon the attorney-general read an indictment against the witness for larceny, to which objection was made. The court said to the jury that they might look at the indictment and other charges as circumstances bearing upon the credit of the witness, but not for the purpose of showing that the witness was guilty of the charges because he stood indicted.
We are constrained to hold that this was error. The *503 credit of a witness may certainly be tested by a cross-examination, and to what extent this may be carried we need not now inquire. His general character may also be proven. But wo think it has never been held that that .proof may be made against him of particular charges or crimes. It certainly would..not have been competent for the state to prove by other witnesses that this witness, Olaywell, had been charged with larceny or murder as a means of impeaching his credit, though latitude is some times given upon cross-examination of a sustaining witness. It was even more to allow the state to read the indictment against the witness. The truth of the charge could not be inquired into, and the jury were so- told, but they might look to the indictment as a circumstance bearing upon his credit. What was this but allowing the witness’ credit to be assailed by proof that particular charges were made against him, the truth of which could not be inquired into.
There are many other questions in the record which have been earnestly argued, but we think it unnécessary to express any opinion in regard to them, as the judgment must be reversed on the ground stated.
Let the judgment be reversed.